IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. DONOVAN,            )
                              )
            Plaintiff,        )
                              )
    v.                        )   No. 13 C 2065
                              )
REDE PARTNERS LLP, et al.,    )
                              )
            Defendants.       )

## MEMORANDUM ORDER

Thomas Donovan ("Donovan") has sued Rede Partners LLP ("Rede"), Adam Turtle ("Turtle") and Scott Church ("Church"), seeking to invoke federal jurisdiction based on diversity of citizenship. This memorandum order is issued sua sponte because of Donovan's failure to establish jurisdiction in those terms.

Complaint ¶2 sufficiently identifies Donovan as an Illinois citizen and both Turtle and Church as English citizens, even though Complaint ¶¶6, 8 and 9 refer only to those individual parties' residences. Where Donovan's counsel fails, however, is with respect to Rede, as to which Complaint ¶7 alleges only:

> Rede is a limited partnership which is located at Marble Arch Tower, 20th Floor, 55 Bryanston Street, London, England W1H 7AA.

As that language reflects, Donovan's counsel has spoken only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore over 14 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a

whole battery of cases since then, exemplified by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after nearly 1-1/2 decades' repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Donovan's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Donovan and his counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal. Because this dismissal is attributable to Donovan's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

Milton I. Shadur
Senior United States District Judge

Date: March 20, 2013